Motion to dismiss and affirm overruled May 11, 1926, argued February 3, affirmed February 21, 1928.

# WILLIAM T. LEE *v.* CRATER LAKE NATIONAL PARK CO. ET AL.

### (264 Pac. 357.)

**Contracts—Contract Prepared by Defendant and Signed as Prepared Requires That Defendant Should be Held to Strict Performance.**

1. Contract prepared by defendant and signed by both parties as prepared requires that defendant should be held strictly to performance in good faith.

**Contracts—Defendant's Taking Over Transportation of Passengers by Automobile Held Exercise of Option Under Contract to Do so, Entitling Plaintiff to Reasonable Value of Automobiles Repossessed by Seller.**

2. Where plaintiff and defendant had entered into a contract for transportation of passengers by automobile, there being inserted in such agreement a provision that defendant should have the option to take over the plaintiff's interest in the automobiles and carry on the transportation work itself upon certain payment being made to plaintiff, *held*, in suit on such contract, that defendant's action in taking over the transportation and refusal to permit plaintiff to participate in management of transportation, although not expressed as an exercise of the option in the contract, was such, entitling plaintiff to recover reasonable value of automobiles used in transportation which seller had repossessed due to plaintiff's inability to continue payments.

Contracts, 13 C. J., p. 606, n. 90, p. 608, n. 32, p. 775, n. 91, p. 780, n. 36.

From Klamath: A. L. LEAVITT, Judge.

Department 2.

This is an appeal from only a part of the decree. The case was begun as an action at law to recover damages. It grew out of an alleged breach of the contract entered into between plaintiff and defendant. After the complaint was filed, intervener, Portland Motor Car Company, commenced two suits to fore-

1. See 6 R. C. L. 855.

close a chattel mortgage and a conditional sales contract on certain automobiles sold by it to plaintiff. Said Portland Motor Car Company intervened with permission of the court and the case was transferred to the equity side of the court and disposed of there. Intervener's claim is for a deficiency in the amount owing to it from the plaintiff for said automobiles after they were sold on foreclosure. Its demands were practically conceded by both plaintiff and defendant and it is not interested in this appeal. Plaintiff was given decree and judgment against the defendant for the sum of $4,500.

The contract between plaintiff and defendant covered the transportation of passengers generally between Klamath Falls and Crater Lake and Medford and Crater Lake. Among other things the contract provided that the same might be terminated at the option of defendant on the first day of any November during the term thereof, provided defendant would purchase from plaintiff its entire right, title, claim and interest in all seven-passenger automobiles covered by the lease and used exclusively in the service of the Park Company, the defendant. The contract also provided as follows:

"The prompt and punctual performance of this contract is of the essence of this agreement and in case of any default in the performance hereof by Transportation Company, except where the same is due wholly to accident or unavoidable causes, it is understood and agreed that Park Company shall have the option and right to take over immediately all of the Transportation Company's right, title, claim and interest in and to said automobiles, and operate all of the same. In such event Park Company will pay for the equity of Transportation Company in such cars, * * thereupon all right, title, claim or interest

of Transportation Company in and to said auto-
mobiles, and in and to this contract, shall absolutely
cease and determine.''

The only error assigned is that part of the decree
and judgment in favor of plaintiff and against defend-
ant, Crater Lake National Park Company, for $4,500.

The precise question raised by defendant is that
it did not exercise its option to take over the auto-
mobiles and for that reason plaintiff was not entitled
to judgment for the value of his interest therein.
This is the only question involved in the appeal and
is a question of fact principally.          Affirmed.

For appellant there was a brief and oral argument
by *Mr. Lawrence A. McNary.*

For respondent there was a brief and oral argu-
ments by *Mr. J. H. Carnahan* and *Mr. C. F. Stone.*

COSHOW, J.—1. We have carefully examined the
evidence bearing upon the issue presented by this
appeal. There is no controversy involving questions
of law between the parties here. Our opinion is that
the evidence preponderates in favor of plaintiff and
against defendant on the precise question presented.
Defendant admitted, through its own witnesses, that
it had taken over the actual management of the
transportation at the beginning of the season in 1924.
The season at Crater Lake begins July 1st and ends
September 30th. Under the contract plaintiff was, to
a large degree, at the mercy of defendant. The con-
tract was prepared by defendant and, after some con-
versation between defendant and plaintiff, was signed
as prepared. Plaintiff does not claim that he did
not understand the contract, but under such circum-

stances defendant should be held strictly to performance in good faith of its covenants and undertakings in the contract. When defendant took over the management of transportation it made plaintiff starter at Crater Lake. It was plaintiff's duty to get the passengers to the stage and start the automobiles on their journey. Defendant claims that this was no part of the duties of plaintiff under his contract to conduct the transportation but was an extra job given him when defendant took over the actual control of the transportation. Defendant's managing director, however, testified that of the salary paid plaintiff for serving as starter, $100 was paid by the transportation company, which was plaintiff, and $50 by defendant. We think that if there was any need at all for a starter that that work was a part of the transportation. It may be that the starting of the automobiles from the Lodge at the Lake was also a great convenience to defendant. It was an accommodation to the guests at the Lodge. Plaintiff was discharged by defendant about the first of August, 1924, after one month's service as starter.

2. The contract between plaintiff and defendant required defendant to pay plaintiff the amount it had earned by transporting passengers on the tenth day of the month following the month the services were rendered. Defendant received the money for the transportation and kept the accounts. Defendant failed and refused to pay plaintiff the amount due him on the tenth day of August for the services rendered July, 1924. Plaintiff was unable to pay his installment due August 15, 1924, to the intervener and that resulted in the foreclosure and sale of the automobiles for a fraction of their value. Defendant knew that plaintiff had purchased the automobiles for this busi-

ness from intervener and that plaintiff was depending upon the proceeds of the services rendered by him to defendant to pay for said automobiles. Defendant itself had, during the season of 1923, paid to intervener for plaintiff a part of the amount earned by plaintiff during that season. The failure and refusal of defendant to pay the amount due plaintiff was a breach of the contract. By taking over the transportation and its refusal to permit plaintiff to participate in the management of the transportation defendant exercised its option under the contract and was thereby bound to pay to plaintiff the reasonable value of said automobiles.

Plaintiff demanded judgment for $22,290.47. He stated three different causes of action in his complaint. He was awarded judgment for $4,500 which the Circuit Court found to be the value of his interest in the automobiles at the time they were sold under the foreclosure decrees. He was also awarded the amount due him for transportation during the month of July, 1924, but this amount was directed to be paid to the intervener, Portland Motor Car Company. He was not allowed anything for loss of profits under his contract.

We think the judgment a just one and the decree is affirmed.                                        AFFIRMED.

RAND, C. J., and BEAN and BELT, JJ., concur.